UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARLOS ARTURO ALBA SOSA,<br><br>Petitioner,<br><br>v.<br><br>ACTING OR CURRENT WARDEN, Adelanto ICE Processing Center, et al,<br><br>Respondents. | Case No. 5:26-cv-05256-DTB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**PROCEEDINGS**

On September 9, 2026, petitioner Carlos Arturo Alba Sosa ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1), along with a Motion for Appointment of Counsel ("Motion") (Docket No. 2).

On September 15, 2026, the Court referred this matter to the Office of the Federal Public Defender ("FPD") for consideration of appointment of counsel for Petitioner. (Docket No. 7).

/ / /

On September 21, 2026, the FPD accepted the referral and filed a Notice of Appearance. (Docket No. 8).

On September 22, 2026, Petitioner filed a Consent to Proceed Before Magistrate Judge. (Docket No. 9).

Pursuant to the General Order 26-05 and Briefing Schedule (Docket No. 5), Respondents were to file a Notice of Appearance on or before September 14, 2026, and an Answer to the Petition on or before September 18, 2026. As Respondents had not appeared in this action or filed an Answer, on September 23, 2026, the Court issued a text only entry requesting Respondents to email Chambers within 24 hours of to advise the Court if Respondents intended to file a Notice of Appearance and an Answer. If Respondents were not filing a Notice of Appearance and an Answer, the Court requested that Respondents file the I-213 for Petitioner. (Docket No. 10).

On September 23, 2026, Respondents filed Petitioner's I-213. (Docket No. 11).

Thus, this matter is now ready for decision. For the reasons set forth below, the Court grants the Petition.

## II.

## RELEVANT BACKGROUND[1]

Petitioner is a national citizen of Honduras. (Petition at 3).[2] Petitioner first entered the United States with his sister and father when he was nine years old, and affirmatively presented themselves to immigration authorities to obtain lawful protection and immigration status through asylum relief and they have never departed since. (Id.). They were allowed to continue their proceedings in the Country outside of custody. (Id.).

/ / /

---

[1] The Background is taken from the Petition.

[2] For the pleadings, the Court cites to the CM/ECF pagination at the top of each page.

Subsequently, following advice from their attorney at the time they missed an immigration Court hearing and the Immigration Judge ("IJ") administratively closed their case. (Id.).

On or about February 2026, Petitioner and his family received a letter stating that their proceedings will be re-opened, and they all received different Court dates. (Id.). Petitioner's date wasn't until 2027. (Id.).

Petitioner has strong ties to the United States, he has always resided in the Lompoc, California community, completed his schooling, is married to a natural born United States citizen, and has two natural born United States citizen minor children (a 5 year old son and a 6 month daughter) as well as two stepchildren (a 12 year old step-son, and a 7 year old step-daughter). (Id.).

Petitioner has always been the main caretaker and provider for his family, and held steady employment mainly as a restaurant server, as a field worker during the pandemic, and most recently an occupation in yard maintenance. (Id.). He has always filed yearly and state federal income tax returns as head of household. (Id.).

On or about March, 2026 Petitioner received a letter stating that he had to report to the Immigration and Customs Enforcement ("ICE") Office for the Alternatives To Detention ("ATD") program in Santa Maria, California on August 27, 2026. (Id. at 4). Petitioner arrived as instructed, and ended up being handcuffed at the office and placed under arrest, without notice, without probable cause, and without an opportunity to be heard. (Id.).

Petitioner was only told that he would remain in custody and was not given any further reasoning. (Id.). He was fingerprinted, his picture was taken and he was transferred to Adelanto where he remains at the time of filing this Petition. (Id.).

The Petition raises the following claims for relief: (1) Petitioner's warrantless arrest violated the Fourth Amendment and 8 U.S.C. § 1357 (Docket No. 1 at 7-8);

(2) Petitioner's arrest and detention violated his right to Due Process under the Fifth Amendment (id. at 8-11).

## III.

## DISCUSSION

### A. Habeas Relief is Warranted.

As noted, Respondents have elected not to appear in this action, despite the Court's order to do so.

Federal courts must decide cases based on the arguments the parties present. See United States v. Sineneng-Smith, 590 U.S. 371, 375–76 (2020); Greenlaw v. United States, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." Sineneng-Smith, 590 U.S. at 375 (2020) (cleaned up). The Supreme Court has reminded the lower courts that they are "essentially passive instruments of government" who must adhere to the narrow questions raised by the parties. Margolin v. Nat'l Assoc. of Immigration Judges, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Here, Petitioner's second claim asserts that his arrest and detention without any pre-deprivation process violated his procedural due process rights and that the proper remedy is his release from custody. (Docket No. 1 at 8-11). This claim has been found to be a basis for habeas relief by numerous courts in this Circuit, including this one. See, e.g., Eddier David Taborda Loero v. James Janecka, et al, No. 5:26-cv-03713-DTB (Order Granting Petition for Writ of Habeas Corpus) ( (C.D. Cal. July 15, 2026).

Respondents elected not respond to the Petition and to Petitioner's claims, including his procedural due process claim. Respondents are represented by

competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis to reject his claim. Their failure to do so constitutes a forfeiture of the arguments they could have made in support of their position. See Martinez v. Sessions, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); Am. Int'l Enters., Inc. v. F.D.I.C., 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to search for a reason on their behalf - indeed, the party presentation principle requires the court to refrain from doing so. Sineneng-Smith, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. See, e.g., Barajas-Bautista v. Warden, Desert View Annex, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); Soleimani v. Larose, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment

due process claim); Singh v. Chiang, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); N-E-M-B v. Wamsley, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Accordingly, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition.

## IV.

## CONCLUSION

IT THEREFORE ORDERED that Judgment be entered: (a) Granting the Petition; (b) ordering Respondents to immediately release Petitioner Carlos Arturo Alba Sosa (A# 087-627-221) from custody subject to the same conditions (if any) that he was subject to at the time he was arrested and detained; (c) ordering Respondents to return all property confiscated from Petitioner (if any) during his arrest and processing into detention; (d) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without complying with all applicable statutes and regulations; and (e) ordering Respondents to file a status report within two (2) business days of the date of this Order to confirm that Petitioner's release from custody is subject to the same conditions (if any) that he was subject to at the time he was arrested and detained.

DATED: September 25, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE